doctors, as such. (*Bakal* v. *University Heights Sanitarium,* 302 N. Y. 870; *Bryant* v. *Presbyterian Hosp. in City of N. Y.,* 304 N. Y. 538.) Wenzel, Acting P. J., MacCrate, Beldock and Ughetta, JJ., concur; Murphy, J., concurs in the affirmance of the order denying the motion of appellant Horowitz, but dissents from the affirmance of the order denying the motion of the appellants who conduct the Calhoun Nursing Home, and votes to reverse that order and to grant their motion, with the following memorandum: Insofar as concerns the appellants who conduct the Calhoun Nursing Home, the gravamen of the action is that they failed to provide respondent with a doctor who would examine her, discover her fracture, and treat her therefor. There is no allegation that these appellants accepted such obligations. Under section 24 of the Hospital Code of the City of New York and Regulations, medical care is to be provided by a personal physician designated by the patient or one assigned by the agency responsible for the patient. There is no allegation that such medical care was not provided. Only in an emergency and when the personal physician is not available shall it be the duty of the nursing home to call a duly licensed physician. No appropriate allegations requiring the calling of a physician are contained in this complaint. Nor is there any allegation of noncompliance with regulation 4 under section 24 of the Hospital Code, which provides that no patient shall be admitted until the institution has been provided with a medical report of a physical examination and diagnosis.

## (December 19, 1955)

■ GEORGE ANIDES et al., Appellants, v. KAHAR REALTY CORP. et al., Respondents.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. Motion for reargument denied, without costs. Present — Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ. [See 286 App. Div. 1105.]

■ In the Matter of ALEXANDER KANASY et al., Appellants, against BERNICE W. NUGENT, as Town Clerk of the Town of Ramapo, et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. [See 286 App. Div. 1038.]

■ WHITESTONE SAVINGS AND LOAN ASSOCIATION, Respondent, v. AUBREY MORING et al., Defendants, and DORIS FUTTERMAN, Appellant. (Action No. 1.) DORIS FUTTERMAN, Appellant, v. AUBREY C. MORING et al., Defendants, and WHITESTONE SAVINGS AND LOAN ASSOCIATION, Respondent. (Action No. 2.) — Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. Motion for reargument denied, without costs. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Ughetta, JJ. [See 286 App. Div. 1042.]

■ ARISTA LUNCHEONETTE, INC., Respondent, v. HARANN OPERATING CORPORATION et al., Appellants.— Appeal from a judgment enjoining the sale of " sandwiches, candies, ice cream, cigars and cigarettes " in the store premises occupied by appellants Bertuccio and Lovi during the term of respondent's lease to the adjoining store. Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The action was based on covenants in respondent's lease, which was made on September 10, 1950, for the term commencing November 1, 1950, and ending October 31, 1960, that the adjoining store premises in question would not be rented or